**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2119-24

DIAMOND CHIP REALTY, LLC,

    Plaintiff-Appellant,

v.

TOWNSHIP OF SPARTA
PLANNING BOARD,

    Defendant-Respondent.

_____

Argued May 13, 2026 – Decided July 20, 2026

Before Judges Smith, Berdote Byrne and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0296-24.

Matthew N. Fiorovanti argued the cause for appellant (Giordano Halleran & Ciesla, PC, attorneys; Adam Garcia and Steven P. Gouin, on the briefs).

Kenneth A. Porro argued the cause for respondent (Brach Eichler LLC, attorneys; Kenneth A. Porro, of counsel and on the brief; Susan R. Rubright, on the brief).

PER CURIAM

Plaintiff Diamond Chip Realty, LLC ("DCR") appeals from a Law Division order affirming defendant's Township of Sparta Planning Board's ("Planning Board") decision to: hold a plenary jurisdictional hearing to review DCR's amended warehouse application; strike the prior hearing record and restart review of the application; and deny DCR's request for automatic approval of its petition. We affirm substantially for the reasons set forth by Judge Stuart A. Minkowitz in his cogent and reasoned written opinion.

I.

In November 2021, DCR submitted a land development application to the Planning Board requesting preliminary site plan approval for a warehouse facility in Sparta's economic development ("ED District") zone. Warehouse facilities are explicitly permitted uses in the ED District.

The Planning Board held a public hearing on the merits of DCR's application in March 2022. While the matter was pending before the Board, two objectors filed an application with Sparta's Zoning Board of Adjustment ("Zoning Board") contending the proposed use was akin to a trucking terminal

rather than a warehouse.[1]  Because a trucking terminal was a conditional use under the Township's code, the Planning Board would not have jurisdiction to consider the application.

When the Planning Board hearings resumed, the objectors argued the application should be stayed pending a decision by the Zoning Board.  The Planning Board decided the hearing should continue, since the purpose of a site plan application hearing is limited to determine whether an application conforms to a municipal ordinance and the Planning Board had already asserted jurisdiction to hear the warehouse application.  Additional proceedings on the merits of DCR's application then took place in consecutive months until July 2022.

On May 11, 2022, the Zoning Board concluded it lacked jurisdiction to consider the objectors' application.  Consequently, the objectors filed an action in lieu of prerogative writs to challenge that decision.  Judge Minkowitz dismissed that case in December 2022, and we affirmed.  Dash v. Twp. of Sparta Zoning Bd. of Adjustment, No. A-1268-22 (App. Div. Apr. 16, 2024).

---

[1]  The suit alleged if DCR's application involved a "trucking terminal" instead of a "warehouse," DCR would require a "use" variance under N.J.S.A. 40:55D-70(d), which only the Zoning Board has the authority to review.

In June 2023, DCR revised its plans in response to comments from both the Planning Board and the public that were generated during the 2022 hearings. In July 2023, the Planning Board's engineer determined that the application was incomplete. In August 2023, DCR advised the Planning Board of its intent to resubmit the plans to address the engineer's comments and requested a September 2023 hearing date. The Planning Board's attorney informed DCR that since the application was still considered incomplete, a hearing on the application could not be scheduled. DCR submitted its final revised plans on August 23, 2023. In September 2023, the Board's engineer recommended the application be deemed complete. A hearing was scheduled for November 1, 2023.

In September 2023, DCR initiated an action in lieu of prerogative writs, seeking to disqualify the majority of Board members on the grounds of alleged conflicts of interest. DCR also requested that a decision on the application be made within thirty days. As a result, the hearing scheduled for November was suspended.

In March 2024, the trial judge disqualified eight Planning Board members and remanded the application to the Planning Board, stating "the 45-day period to hold a hearing shall begin upon entry of the . . . [o]rder."

4

The municipality replaced the disqualified members, and a reconstituted Planning Board commenced a new hearing on DCR's application in May 2024. The new Planning Board unanimously determined that it would consider DCR's application anew. During this session, the Board heard statements from objectors and received testimony from plaintiff's architect before adjourning.

When the Planning Board reconvened approximately one month later, counsel for one of the objectors raised a question regarding the Planning Board's jurisdiction to hear the application, suggesting it might be governed by the Zoning Board. To address this concern, the Planning Board voted to require a predicate jurisdictional hearing to determine whether the application constituted a permitted use in the ED District. Although the Planning Board requested DCR continue with the architect's testimony, DCR's counsel indicated that, in light of the outcome of the motion, the hearing should be rescheduled. It was.

On July 1, 2024, DCR filed a second action in lieu of prerogative writs seeking: (1) automatic approval of its application or an order compelling the Planning Board to complete its hearing by a specified date; (2) an order prohibiting the Planning Board from conducting a jurisdictional hearing on the application; (3) vacatur of the Planning Board's determination to exclude prior

5

hearings from the record; (4) disqualification of two additional Planning Board members; and (5) appointment of a special adjudicator to oversee the Planning Board's review of the application.

In a comprehensive twenty-one-page written decision, Judge Minkowitz denied the application, concluding the Planning Board acted within its statutory authority to assess facts relevant to both jurisdictional and substantive matters. He also determined granting automatic approval of DCR's application would be inconsistent with the intent of the Municipal Land Use Law ("MLUL"), N.J.S.A. 40:55D-1 to -171.

DCR appeals that order contending Judge Minkowitz incorrectly affirmed the Planning Board's decision to convene a plenary jurisdictional hearing, to strike the prior record, and to restart the hearing on the application. DCR also argues the judge was wrong when he refused to automatically approve its application.

II.

When we review the validity of a planning board's action, "we are bound by the same standards as was the trial court." Jacoby v. Zoning Bd. of Adjustment of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (internal quotation marks omitted) (quoting Fallone Props., L.L.C. v.

Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). Decisions of local boards are quasi-judicial actions of municipal administrative agencies and they are presumed valid. See Willoughby v. Plan. Bd. of Deptford, 306 N.J. Super. 266, 273 (App. Div. 1977); Cell S. of New Jersey v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002).

"Like the trial court, our review of a planning board's decision is limited." Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 433 (App. Div. 2009) (citing Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998)). "[W]hen a party challenges a . . . board's decision through an action in lieu of prerogative writs, the . . . board's decision is entitled to deference." Kane Properties, LLC v. City of Hoboken, 214 N.J. 199, 229 (2013). The burden is on the challenging party to overcome this highly deferential standard of review. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). "Even were [the court] to harbor reservations as to the good judgment of a local land use agency's decision, 'there can be no judicial declaration of invalidity in the absence of [a] clear abuse of discretion by the public agencies involved.'" CBS Outdoor, Inc. v. Borough of Lebanon Plan. Bd./Bd. of Adjustment, 414 N.J. Super. 563, 577 (App. Div. 2010) (quoting Kramer v. Bd. of Adjustment,

7

45 N.J. 268, 296-97 (1965)).  We defer "to the actions and factual findings of local boards and may not disturb [those] findings unless they were arbitrary, capricious, or unreasonable."  Jacoby, 442 N.J. Super. at 462.

A planning board "acts arbitrarily, capriciously, or unreasonably if its findings of fact . . . are not supported by the record, . . . or if it usurps power reserved to the municipal governing body or other duly authorized municipal official."  Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citations omitted).  Consequently "courts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law."  Simeone v. Zoning Bd. of Adjustment of Twp. of E. Hanover, 377 N.J. Super. 417, 426 (App. Div. 2005) (quoting Lang v. Zoning Bd. of Adjustment of N. Caldwell, 160 N.J. 41, 58-59 (1999)).

A.

We agree with Judge Minkowitz that the decision of the Planning Board to hold a hearing focusing on the Planning Board's possession of subject matter jurisdiction was correct.  Subject matter jurisdiction is a threshold issue and the lack of it renders a municipal board's decision void.  Najduch v. Twp. of Independence Plan. Bd., 411 N.J. Super. 268, 274 (App. Div. 2009).  Since

planning and zoning boards function as quasi-judicial bodies, this fundamental legal principle governing our trial courts applies equally to them. See Paruszewski v. Twp. of Elsinboro, 154 N.J. 45, 54 (1998).

Planning and zoning boards obtain their jurisdiction through the MLUL which "enables and defines the limits of a municipality's procedural and substantive power to regulate land development within its borders." Twp. of Franklin v. Hollander, 338 N.J. Super. 373, 387 (App. Div. 2001). Consequently, because they are created by statute, planning and zoning boards "may exercise only those powers granted by statute." Paruszewski, 154 N.J. at 54 (internal quotations omitted) (quoting Cox & Koenig, New Jersey Zoning & Land Use Administration, § 4-2.1 (1997)). The MLUL provides "[a]ny power expressly authorized by this act to be exercised by (1) planning board or (2) board of adjustment shall not be exercised by any other body, except as otherwise provided in this act." N.J.S.A. 40:55D-20. The Legislature expressly precluded a planning board from considering variances under subparagraph (d) of N.J.S.A. 40:55D-70 (colloquially known as "d variances").

Because only zoning boards have the statutory authority to grant "d variances," "a planning board would lack jurisdiction to hear a development application which seeks relief pursuant to N.J.S.A. 40:55D-70(d)." TWC

Realty P'Ship v. Zoning Bd. of Adjustment of Twp. of Edison, 315 N.J. Super. 205, 217 n.10 (Law Div. 1998). A planning board cannot usurp authority granted exclusively to zoning boards by the Legislature in the MLUL and an attempt to do so would be ultra vires. Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 504 (1955).

The Planning Board correctly decided to hold a jurisdictional hearing to assess the propriety of the application before it. Ultimately, the purpose of a planning board's review of a site plan application is limited to determining whether the plan conforms to the municipality's zoning and site plan ordinances. Sartoga v. Borough of W. Paterson, 346 N.J. Super. 569, 581-82 (App. Div. 2006). It was both procedurally and substantively appropriate for the Planning Board to consider the preliminary question of whether the application was properly brought under the MLUL. This approach promotes efficiency and avoids unnecessary expenditure of time, as the hearing can promptly determine the applicability of the ordinance and whether the application fits within its parameters.

B.

We also agree with Judge Minkowitz's conclusion that, in light of both the reconstitution of the Planning Board and the substantial amendments made

to original application, the new Planning Board was justified in considering the application de novo.

Judge Minkowitz relied on language from Ten Stary Dom P'ship, 216 N.J. at 26, where the Supreme Court observed that a newly constituted municipal board should have the opportunity to hear an application anew and address questions to witnesses. DCR takes issue with this observation and argues it does not represent the Supreme Court's ultimate holding.

In Ten Stary Dom P'ship, the defendant applied to a municipal planning board for a bulk variance, which that board granted. Id. at 21. The plaintiff challenged this decision and alleged procedural irregularities affected the outcome. Ibid. The trial court remanded the matter for a new vote, but, when it did so, the board's membership changed. Ibid. The reconstituted board denied the application and the defendant sought review in the trial court. Ibid. The trial court affirmed the board's action and dismissed the complaint, reasoning the new board was entitled to hear the application anew and to question witnesses. Ibid. The Supreme Court held the trial court erred by permitting resubmission of the same proposal after the board made a final decision—focusing on the res judicata principles that the decision created. Id. at 39-40.

Although the cited language used to justify the result here appeared in the procedural history of the Court's decision, the principle applies. As Judge Minkowitz found, and given the level of deference provided to a planning board in its exercise of its delegated functions, the new Planning Board members properly determined they should have the opportunity to hear the testimony themselves, assess the credibility of the witnesses through their own questioning, and weigh any evidence. This approach is not only consistent with, but required by, its quasi-judicial role. Randolph v. City of Brigantine Planning Bd., 405 N.J. Super. 215, 225 (App. Div. 2009) (noting planning board members act in a "quasi-judicial capacity").

The record also supports the Planning Board's conclusion that since the amended application was substantially different from the original, it independently justified the need for a new hearing. Both the Planning Board's engineer and planner identified significant changes in the subsequent amended applications, including the introduction of a non-rail-dependent building, which altered the applicable bulk standards, and the addition of new variances and site plan waivers not previously considered.

Considering the differences between the original and amended applications, the Planning Board determined it would not rely on the prior

12

record and would commence hearings anew on the merits of the application. Given the deference owed to the Planning Board's findings of fact and its particularized knowledge of local conditions, we conclude the Planning Board acted neither arbitrarily, capriciously, nor unreasonably in taking this action.

C.

Finally, Judge Minkowitz correctly denied DCR's demand for automatic approval of its application under N.J.S.A. 40:55D-61.[2]

"It is a long[-]held principle of our law that automatic approval statutes are to be 'applied with caution.'" Eastampton Ctr., LLC v. Plan. Bd. of Twp. of Eastampton, 354 N.J. Super. 171, 193 (App. Div. 2002) (quoting King v. N.J. Racing Comm'n, 103 N.J. 412, 422 (1986)). A planning board's authority to grant or deny any application, as referenced in N.J.S.A. 40:55D-61, is contingent upon the planning board's initial jurisdiction over the matter. See Chesterbrooke Ltd. P'ship v. Plan. Bd. of Twp. of Chester, 237 N.J. Super. 118, 124 (App. Div. 1989); Tanenbaum v. Twp. of Wall Bd. of Adjustment, 407 N.J. Super. 446, 461 (Law Div. 2006). A planning board, whether through action or inaction, cannot grant or deny an application for which it lacks

_____

[2] N.J.S.A. 40:55D-61 requires a planning board to act within 120 days after submission of a completed application. The statute also provides that failure to act within this time period shall constitute approval of it.

jurisdiction. Nothing in the language of N.J.S.A. 40:55D-61 confers jurisdiction upon a planning board where it does not otherwise exist. It follows, therefore, that if the question of subject matter jurisdiction is unresolved, as it was here, automatic approval of the application would have been inappropriate.

Judge Minkowitz correctly held the Planning Board acted promptly to initiate proceedings on DCR's application once it was deemed complete in October 2023. He further determined that the automatic approval sought by DCR would have been premature, as it was not yet established whether the matter was properly before the Planning Board. We find no error in this analysis and agree with both conclusions.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division